**IN RE APPLICATION OF FERGUSON.**

[Cite as *In re Application of Ferguson,* **128 Ohio St.3d 382, 2011-Ohio-552.**]

*Applicant failed to prove he possesses the required character, fitness, and moral qualifications for admission to the practice of law — Applicant may apply to take the July 2012 bar examination.*

(No. 2010-1702 — Submitted January 4, 2011 — Decided February 15, 2011.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 432.

_____

**Per Curiam.**

{¶ 1} James William Ferguson II of Reynoldsburg, Ohio, graduated from Capital University Law School in May 2009. He has applied to register as a candidate for admission to the Ohio bar and had filed an application to take the Ohio bar examination administered in July 2009. Based upon the applicant's conduct during an incident with police and his subsequent lack of candor with the admissions committee of the Fairfield County Bar Association, a panel of the Board of Commissioners on Character and Fitness, and the Ohio Attorney General's Office, the board recommends that we disapprove his character, fitness, and moral qualifications at present and that we permit the applicant to apply to take the July 2012 bar exam. We accept the board's recommendation to disapprove the pending application and will allow the applicant to apply to take the July 2012 bar exam.

**Summary of Proceedings**

{¶ 2} By the summer of 2008, the admissions committee of the Fairfield County Bar Association had given its provisional recommendation that the applicant be permitted to sit for the July 2009 bar examination. But following the

applicant's submission of a supplemental character questionnaire revealing an October 2008 incident with the Columbus Police Department, the committee conducted a third character and fitness interview with the applicant. Citing the applicant's belligerent and disrespectful conduct while Columbus police officers arrested his friend, as well as his false representations that he was a lawyer or an Assistant Attorney General and his lack of candor about those events during his character and fitness interview, the committee recommended that the applicant's character, fitness, and moral qualifications be disapproved.

{¶ 3} The applicant appealed the committee recommendation to the Board of Commissioners on Character and Fitness. See Gov.Bar R. I(12). The board appointed a panel to review the applicant's character, fitness, and moral qualification. The panel conducted a hearing on January 12, April 23, and May 21, 2010.

{¶ 4} In addition to the concerns expressed by the admissions committee, the panel noted that although the applicant had been offered a job as an Assistant Attorney General conditioned upon passage of the bar examination, when he received notice that he would not be permitted to sit for the July 2009 bar examination, he did not disclose that fact to the Attorney General's Office. Although the applicant claimed to have notified the Solicitor General, the Solicitor General testified that the applicant was a friend and had made the disclosure while they played tennis. He stated that he was neither the applicant's supervisor nor a person who would handle this type of issue and that he had instructed the applicant to immediately report the matter to a specific individual in the human-resources department. The applicant testified that after that conversation, he notified a different person in the human-resources department. That person, however, later testified and adamantly denied that such a discussion ever took place.

**{¶ 5}** In light of these findings, the panel unanimously recommended that the applicant not be approved to take the July 2009 bar examination, but that he be permitted to apply to take the July 2011 bar examination.

**{¶ 6}** The board adopted the panel's finding of facts and recommendation that the applicant be disapproved, but it recommends that he be permitted to reapply to take a later bar examination, the July 2012 bar examination, and that upon his reapplication, the appropriate local bar association admissions committee review his application and personally interview him.

### Disposition

**{¶ 7}** An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." Id.

**{¶ 8}** In determining that the applicant has not proved that he possesses the requisite character, fitness, and moral qualifications, the board considered the factors set forth in Gov.Bar R. I(11)(D)(3) and (4). The board has expressed concern regarding the applicant's lack of honesty and candor in explaining his conduct during the police encounter and in failing to report the resulting character and fitness disapproval to his future employer. See Gov.Bar R. I(11)(D)(3)(g), (h), and (i). The applicant does not challenge the board's findings or its recommendation.

**{¶ 9}** Based upon the foregoing, we agree that the applicant has failed to prove that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. Therefore, we disapprove his

application to take the bar exam at this time. The applicant may apply to take the July 2012 bar examination and must submit to a full character and fitness investigation by the appropriate bar association admissions committee.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James William Ferguson II, pro se.

Dagger, Johnston, Miller, Ogilvie & Hampson, L.L.P., and Jeff J. Spangler, for the Fairfield County Bar Association.

_____